cc Los Angeles Superior Court, Central, Stanley Mosk Courthouse, Case 08U07207

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
<u>CIVIL MINUTES - GENERAL</u>

JS-6

Case No.  <u>CV 08-4041-GPS(FFMx)</u>                Date: <u>July 15, 2008</u>

Title:  <u>U.S. Bank National Association, as Trustee for the CertificateHolders Citigroup Mortgage Loan Trust Inc. Asset Backed Pass-Through Certificates Series 2007-AMC1 v. Donnie Ray Knauls and DOES 1 through X, Inclusive</u>

================================================================PRESENT:

THE **HONORABLE GEORGE P. SCHIAVELLI**, JUDGE

<u>  Jacob Yerke  </u>                           <u>  Not Present  </u>
  Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR CLAIMANT:

Not Present                              Not Present

**PROCEEDINGS:**    Order Remanding Action
                    **(In Chambers)**

On June 13, 2008, Plaintiff filed a Complaint for unlawful detainer against Defendant in Los Angeles County Superior Court. On June 25, 2008, Defendant filed a Notice of Removal. In review of the filings, the Court finds that Defendant has failed to meet his burden of establishing the subject matter jurisdiction of this Court. Accordingly, the action is **REMANDED** to state court.

The removing defendant bears the burden of establishing federal jurisdiction. *Abrego v. Dow Chem. Co*, 443 F.3d 676, 683 (9th Cir. 2006) (citations omitted). When the plaintiff's complaint does not specify the jurisdictional requirements, the removing defendant must prove, by a preponderance of the evidence, that the jurisdictional requirements have been met. *Abrego*, 443 F.3d at 683. Where a removing defendant has not met these requirements, the case must be remanded to the state court where it was originally filed. Fed R. Civ. P. § 1447(c).

In the Notice of Removal, Defendant appears to allege the Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. The statute provides that a federal court may hear an action if the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Defendant failed to demonstrate such jurisdiction exists.

MINUTES FORM 11                              Initials of Deputy Clerk<u> JY  </u>
CIVIL - GEN

  First, Defendant failed to show diversity because neither the Complaint nor Notice of Removal allege the parties are completely diverse. Second, the Complaint does not state a value of the action or damages expected. In his Notice of Removal, Defendant alleges that the amount in controversy exceeds $370,000.00 but he fails to offer any factual support. *See, e.g., Abrego*, 443 F.3d at 689 (holding that defendant's 'magical incantation,' that the amount in controversy was satisfied, neither overcame the 'strong presumption' against removal jurisdiction, nor satisfied defendants's burden of setting forth the underlying facts supporting the assertion). Thus, because Defendant failed to carry his burden in removal, the Court **REMANDS** the action to state court.

**IT IS SO ORDERED.**